| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Glenn J. Campbell, Esq.<br>California Bar No.110907<br>GlennCampbell@VenturaLawGroup.Com<br>The Ventura Law Group<br>Faria Building<br>770 County Square Drive ~ Suite 210<br>Ventura, California 93003<br>Telephone:805-477-7572<br>Facsimile: 877-686-6493<br>Attorney for Relators | FILED<br>13 MAY 10 PM 1:20<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>LOS ANGELES<br>BY:_____ |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Ex. Rel.<br>CARY B. SAVITCH, M.D., and,<br>GARY J. PROFFETT, M.D.,<br>          Plaintiffs / Relators,<br>vs.<br>ARIA OMAR SABIT, M.D.;<br>MOUSTAPHA ABOU-SAMRA, M.D.;<br>COMMUNITY MEMORIAL HEALTH<br>SYSTEM and DOES 1- 10 inclusive,<br>          Defendants. | Case No. CV13-03363-DDP (PJW)<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730 (b) (2)**<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF UNDER THE FALSE CLAIMS ACT PURSUANT TO 31 U.S.C §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT<br><br>**DEMAND FOR JURY TRIAL** |

### I. QUI TAM COMPLAINT

Relators and Plaintiffs, on behalf of the United States of America, under the Qui Tam provisions of the False Claims Act, 31 U.S.C. § 3730, by and through their undersigned counsel, bring this complaint for the benefit of the Department of Health and Human Services (HHS), including its components, the Centers For Medicare and Medicaid Services ("CMS") (formerly known as the Health Care Financing Administration) and the Office of Inspector General, and the Medicare and Medicaid Programs. The United States,

1

**COMPLAINT**

ex. rel., brings this action to recover treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-33, and to recover damages and other monetary relief under the common law or equitable theories of unjust enrichment, payment by mistake of fact, and recoupment against the defendants, Community Memorial Health System d/b/a Community Memorial Hospital (CMH), Aria Omar Sabit, M.D. (SABIT) and Moustapha Abou-Samra, M.D. (Abou-Samra), and for the causes of action alleges as follows:

## II. INTRODUCTION

The plaintiffs incorporate by reference all of the foregoing allegations.

1. These allegations are based upon the defendants' submission of false patient claims and hospital costs to the United States in order to obtain millions of dollars in payments for diagnostic, medical procedures, surgical operations, instrumentation, hospitalization, tertiary aftercare, medication and related services involving neurosurgeries and the fixation of vertebral instrumentation. This action is to recover penalties and damages arising from defendants' submissions of false and fraudulent billings to the United States Government, pursuant to the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729-33, as amended, to redress violations of the FCA, and to recover all available damages and other monetary relief. Each of these claims arises out of a practice by the defendants to knowingly or recklessly submit claims to federal health care programs for services that were not reasonable and necessary, were incompatible with standards of acceptable medical practice, and were worthless and of no medical value. Said violations consisting of false statements, records and claims made, presented, and/or caused to be made or presented to the United States Government for payment of Medicare benefits. This is an action to recover the federal health care program dollars billed by and paid to the defendants and others.

2. In the spring of 2009, defendant Moustapha Abou-Samra, M.D. (Abou-Samra), a Board Certified neurosurgeon and president of Ventura County Neurosurgical Associates with full privileges at Community Memorial Health System (CMHS), recruited Aria Omar

Sabit, M.D. (Sabit), a non-board certified neurosurgeon, to relocate from New Jersey to Ventura County, California to be employed by Abou-Samra's corporation. Sabit was hired.

3. Abou-Samra and Sabit entered into a contract under which Abou-Samra would receive part of Sabit's total billings as a neurosurgeon. In 2009, Sabit applied for and was granted provisional neurosurgical privileges under the CMH credentialing process to perform surgeries at CMH. Nevertheless, from the summer of 2009 to December 2010, when he resigned, Sabit never advanced from provisional privileges. Sabit was allowed to perform highly specialized neurosurgical operative procedures including spinal surgeries with open reduction and internal fixation, spinal fusions, laminectomies and pedicle screw implantation at CMH despite demonstrations that his surgeries were plagued with high infection rates, high return-to-surgery rates, violations of operating room protocols, failures in instrumentation, surgical mishaps, inappropriate case selection, high complication rates, poor medical record documentation and poor patient management. Sabit consistently chose and improperly selected elderly Medicare patients for radical and medically unnecessary spine surgeries and they were inflicted with over-instrumentation, poor outcomes, extended hospitalization, tertiary facility aftercare, increased medication expenses and, in some cases, avoidable death. Sabit performed these procedures despite the fact that he either lacked the proper training and skill to perform such procedures, or he was not qualified or competent to perform such procedures, in that his operative rate and complication rate was extraordinarily high, or he was purposefully perpetrating a false claims scheme. The number of operative procedures was consistently high and the speed at which each operation was done was very rapid for the nature and complexity of the procedure. Sabit's reckless haste and over instrumentation was employed for the purposes of profit.

4. From the initial procedures he performed in CMHS operating rooms, it was obvious to the operating room and nursing staff that Sabit was either not qualified or not competent to perform these neurosurgical procedures or he was reckless in his surgical technique. It was obvious that Sabit lacked the appropriate skill regarding wound care and

he was not able to recognize and treat complications when they arose. Sabit employed poor surgical site preparation, improper use of Bovie electrocautery rather than a scalpel for many incisions and subsequently produced poor wound closure, wound complications and infections. Sabit had performed over 375 procedures from June 2009 to December 2010 while under provisional privileges at CMH. Some 27 patients who were injured by Sabit's procedures brought individual lawsuits in the Superior Court of the State of California for the County of Ventura against Sabit and some of the other defendants for medical malpractice. Not all of these plaintiffs are Medicare beneficiaries. Of these cases, 6 patients are believed to be Medicare beneficiaries: Shelley Jones, Susan Carson, Robert Baden, Guy Wysinger, Wanda Dusette and Teresa Flores. In total, approximately 82 Medicare beneficiaries were operated on by Sabit at CMH: 27 are SeaView IPA patients who were monitored by Relator Proffett in aftercare facilities and 55 others which were monitored or identified on review by Relator Savitch. The Relators' Disclosure Statement contains details about these beneficiaries. It was learned by Relators that Sabit was using Apex manufactured instrumentation in many of the surgeries at CMH and that Sabit had a financial interest in Apex. Sean Xie, M.D., a neurosurgeon in Los Angeles to whom Sabit referred some of his patients with complications from Sabit's surgeries, also had an interest in Apex. Xie and Sabit attended the same residency program in neurosurgery in New Jersey. Sabit did not disclose his financial interest and Sabit was incentivized to perform spinal instrumentation surgeries, to fraudulently recommend spinal surgery where it was not medically indicated and to over-instrument his surgeries regardless of the medical necessity. Relators began reporting these facts to the authorities in 2010.

5. Relators repeatedly expressed their concerns to CMH management, but CMH took no meaningful action for 15 months, during which patients were seriously injured and a number of patients died from complications. Not only did CMH ignore its nurses' complaints, but CMHS also performed no formal oversight of Sabit, categorically excluding all of his neurosurgical procedures from CMH peer review process. At the same

time, Sabit was never advanced from provisional privileges – a red flag. None of the patients were warned by CMH or Abou-Samra of the doubts about Sabit's competence. CMH could have suspended Sabit's privileges at any time, as its bylaws provide that the President of the Medical Staff and Chief Executive Officer have the authority to suspend all or any portion of the clinical privileges of a medical staff member who may pose a danger to patients. Suspending Sabit's privileges, however, was not in CMH's financial interest, nor of Abou-Samra's, as CMH counted on Sabit's procedures to help offset the reduction in revenues as CMH was about to embark on a 300 million dollar building project to modernize the hospital.

6. Finally, on December 3, 2010, CMH and the Medical Staff Office summarily suspended Sabit to allegedly protect the life or well-being of patients and to reduce imminent danger to the life, health and safety of its patients. The same day, Abou-Samra terminated Sabit's contract. Four days later, on December 7, 2010, the Medical Executive Committee of CMH unexplainably reversed itself and voted to lift Sabit's suspension. On December 21, 2010, Sabit resigned from membership in the medical staff at CMH. From at least June 1, 2009 through at least January 2011, and beyond, defendants made or caused to be made false claims and statements to Medicare to obtain reimbursement for diagnostic studies, neurosurgeries, spinal implantation, critical care, in-patient hospital services, tertiary services and for instrumentation which was separately subject to financial incentives. The procedures were not medically necessary, they were overbilled or otherwise improperly billed. After Sabit resigned, CMH and Abou-Samra refused to conduct a full review of all of Sabit's surgical cases or a recall of all surgical patients and agreed among themselves only to address issues if a patient currently complained of problems related to Sabit. The patients who were subject to these improper surgeries were not alerted to the substandard care provided by Sabit nor were they aware that their future health was in jeopardy. The defendants kept the patients in the dark even after Sabit left.

8. Sabit relocated to Detroit, Michigan in the spring of 2011 and obtained a medical license in Michigan and there is reasonable suspicion that Sabit has continued to perform unnecessary, fraudulent and illegal surgeries.

### III. JURISDICTION

The plaintiffs incorporate by reference all of the foregoing allegations.

7. This is an action to recover damages and civil penalties on behalf of the United States of America arising under the FCA and under the common law and arising out of false claims presented by defendants under the federal programs. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff. In addition, the Court has subject matter jurisdiction over the FCA cause of action under 28 U.S.C. § 1331 and supplemental jurisdiction to entertain the common law and equitable causes of action under 28 U.S.C. § 1367(a). The Court may exercise personal jurisdiction over the defendants pursuant to 31 U.S.C. § 3732(a). This action arises under the provisions of Title 31 U.S.C. § 3729, et sec. popularly known as the False Claims Act ("the FCA") which provides that the United States District Courts shall have exclusive jurisdiction of actions brought under the Act. Section 3732(a) of the Act provides that "any action" under section 3730 may be brought in any judicial district in which a defendant can be found, resides, transacts business, or in which any conduct proscribed by section 3729 occurred. One or more of the defendants can be found, resides or transacts business in this judicial district, within the meaning of 31 U.S.C. § 3732(a). The Court may exercise personal jurisdiction over defendants pursuant to 31 U.S.C. § 3732(a) which also authorizes nationwide service of process.

### IV. VENUE

The plaintiffs incorporate by reference all of the foregoing allegations.

8. Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b) and 1395(a) and 31 U.S.C. § 3732(a) because the defendants resided in this district during the operative period, and a substantial part of the events and omissions giving rise to these claims occurred in this district.

## V. PARTIES

The plaintiffs incorporate by reference all of the foregoing allegations.

9. The United States of America, represented ex. Rel.

At all relevant times the defendants acted by and through their several officers, employees and agents and are therefore vicariously liable to the plaintiffs for the acts and omissions of their several officers, employees and agents by application of the doctrine of respondeat superior.

10. The acts and omissions complained of which constitute violations of federal law were, upon information and belief, part of a wider scheme involving other time periods and other persons, and the plaintiffs will seek leave to amend their Complaint to join additional parties as may become appropriate.

11. The Relators bring this action on behalf of The United States and Medicare, which is an agency and instrumentality of the United States government whose activities, operations, and contracts are paid from federal funds. Relators gained direct and independent knowledge of the Defendants' fraudulent submission of claims to federal health care programs for medically unnecessary surgical and diagnostic procedures and related hospital charges. Relator Proffett is the Medical Director of Seaview IPA and treated the aftermath of many of Sabit's surgeries in nursing homes, tertiary care facilities and rehabilitation facilities. A minimum of 27 of those SeaView IPA patients were Medicare surgeries performed by Sabit. Relator Savitch is a Board Certified Infectious Disease specialist practicing in the Community Memorial Health System during Sabit's tenure there. Relator Savitch has identified a minimum of 55 Medicare surgeries by Sabit. Relators Proffett and Savitch were the original sources in revealing Sabit's false claims.

12. Before filing this action and beginning in the fall of 2010, Relators personally began an investigation of Sabit's competence and began reviewing the case records of Sabit's complications. That investigation led Relators to confront the CEO of CMH, Gary Wilde, the Chief of the Medical Staff, and the Chief Medical Officer, over Sabit's competence. No action was initially taken by CMH or Abou-Samra. Relator Savitch, after first attempting to report the fraudulent activities of Sabit within the CMH structure – to the Medical Director, to the CEO (Gary Wilde) and Chief of Staff, Savitch notified Anne LaHay of the Federal Bureau of Investigation (FBI) who referred him to the local office of the FBI. Beginning in 2010, Relators voluntarily initiated contact and provided material evidence and information of the Defendants' fraudulent practices and false claims to Medicare, The Federal Drug Administration, law enforcement, regulatory offices, officials and other agencies responsible for the oversight and enforcement of the claims in question. Savitch was interviewed by agent Sherry Roost at the Ventura Office of the FBI in December 2010. Relator Savitch met with FBI agent Sherry Roost and Rayshya Henderson of the California Medical Board at the FBI office for five hours on February 16, 2011. On July 9, 2011, in Irvine, California, Savitch met with Kimberly Brandt, Chief Healthcare Investigative Counsel for the Senate Finance Committee and reported Sabit's frauds. To date the following entities and officials have been informed by Relators of the improper Medicare claims by the defendants:

    A. The California Medical Board – Susan Caddy and Rayshya Henderson;

    B. The Office of the Ventura County District Attorney, Gregory Totten; Investigator Ken Valentini;

    C. The Federal Food and Drug Administration – Ray Strucker; Agents Mark Ruiz and James Fleckenstien; Agents Geoffrey Rice and Robert Maes;

    D. The Federal Bureau of Investigation – Special Agent Sherry Roost, David Hand and Special Agent Mike Bishop and Special Agent Avi Berstock;

E. The Office of Senator Oren Hatch, and Kimberly Brandt, Chief Healthcare Investigative Counsel for the Senate Finance Committee;

F. The Office of the Inspector General of the Health and Human Services; and,

G. In 2013, contact was made with the United States Department of Justice, Civil Division, United States Attorney David M. Finkelstein located in Washington, D.C. and Relators provided copies of pleadings and depositions taken in the malpractice cases filed against the Defendants, and provided information in telephonic interviews.

13. This action is not based upon any public disclosure of information within the meaning of 31 U.S.C. 3730 (e) (4) (A). The RELATORS have direct, original and independent knowledge, within the meaning of 31 U.S.C. 3730(e)(4)(B), derived through their employment as medical doctors in the treatment, aftercare, and consultations regarding the patients who subjected to unnecessary surgeries, unnecessary implantation and fixation of pedicle screws, rods, cages, plates, cement, allografts, autografts, repeat surgeries and multiple entries by defendant Aria Omar Sabit, M.D. in the false claims made to Medicare which paid for these operations. Relators engaged in their own investigations of the information on which the allegations set forth in this Complaint are based. Relators have voluntarily provided this information to the Government prior to filing this Complaint. To the extent any of these allegations may have been publicly disclosed, within the meaning of 31 U.S.C. 3730(e) (4) (A), the Relators were the original sources of the disclosures.

14. Relators will provide to the Attorney General of the United States and to the United States Attorney for the Central District of California, Western Division, their Disclosure Statement, pursuant to the False Claims Act, 31 U.S.C. Section 3730 (b)(2), shortly after the filing of this complaint, containing a statement of all material evidence and information related to the complaint which is being served on the United States. This Disclosure Statement supports the existence of overcharges and false claims by Defendants.

15. Therefore, Defendants knowingly or in deliberate ignorance of the truth or the falsity of the information submitted false and fraudulent claims for payment, or caused false and fraudulent claims for payment to be submitted, to the officials of the United States, in violation of 31 U.S.C. § 3729 (a)(1). This included, but was not limited to, billing for procedures and services when the services provided were not medically necessary or did not meet the legal criteria for reimbursement.

## VI. FIRST CAUSE OF ACTION –
## VIOLATIONS OF THE FALSE CLAIMS ACT
## 31 U.S.C. § 3729(a)(1)

The plaintiffs incorporate by reference all of the foregoing allegations.

16. By virtue of the acts and omissions described with more particularity above, the defendants presented, or caused to be presented, to the United States Government, through its officers, employees or agents, false and/or fraudulent claims for the payment of charges for equipment and services.

17. The defendants presented, or caused to be presented, such false and/or fraudulent claims with knowledge of their falsity, or with grossly negligent or reckless disregard of facts and conditions which would indicate that said claims were false and/or fraudulent.

18. The United States, by and through Medicare and Medicaid, was unaware of the falsity of the said claims, and in reliance on the purported accuracy thereof, made payments to one or more of the defendants for claims that would not otherwise have been allowed.

19. By reason of these payments, the United States has suffered damages. Because the opportunity to engage in the false and fraudulent practices enumerated herein

existed at CMHS, the United States may have been damaged in a significantly greater amount.

20. By virtue of the acts and omissions described with more particularity above, the defendants made, used, or caused to be made or used, false records and/or statements for the purpose of having false and/or fraudulent claims paid or approved by the United States Government.

21. The defendants made, used, or caused to be made or used, such false records and/or statements with knowledge of their falsity, or with grossly negligent or reckless disregard of facts and conditions that would indicate that said records and/or statements were false.

22. The United States, unaware of the falsity of the said records and/or statements, and in reliance on the purported accuracy thereof, made payments to one or more of the defendants and others for claims that would not otherwise have been allowed.

23. By reason of these payments the United States has suffered damages.

24. By virtue of the acts and omissions described with more particularity above, one or more of the defendants conspired to defraud the United States Government in violation of 31 U.S.C. § 3729(a)(3) by having false and/or fraudulent claims allowed or paid.

## VII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FALSE CLAIMS ACT
## 31 U.S.C. § 3729(a) (2)

The plaintiffs incorporate by reference all of the foregoing allegations.

25. The Defendants knowingly made and caused to be made false statements in order to get a false claim paid by the United States for payment, in violation of the FCA, 31 U.S.C. § 3729(a)(2). Specifically, the Defendants made and caused to be made false

statements in connection with false claims for payment presented to Medicare the Defendants knew, recklessly disregarded or deliberately ignored that the Sabit procedures and related hospital services were not reasonable and necessary, were incompatible with standards of acceptable medical practice, were worthless and of no medical value, and were not payable by Medicare. The false statements knowingly made and caused to be made by Sabit and CMH described above, were material to false claims paid by the United States and were made for the purpose of getting false claims paid by the United States

## VIII.   THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT

The plaintiffs incorporate by reference all of the foregoing allegations.

26.   From June of 2009 to December of 2010, the United States, including Medicare, paid for neurosurgical procedures performed by Sabit at CMH, and related hospital services provided by CMH, that were not reasonable and necessary, were incompatible with standards of acceptable medical practice, were worthless and of no medical value, and were not payable by that federal health care program.

27.   The United States is entitled to the return of all payments made by the United States, including payments made by Medicare to Sabit, to Abou-Samra for the neurosurgical procedures performed by Sabit at CMH, and to CMH for the hospital services it provided that were related to the neurosurgical procedures performed by Sabit at CMH.

28.   By reason of the payments, Sabit, Abou-Samra and CMH have received money from Medicare to which they were not entitled. Thus, Sabit, Abou-Samra and CMH have been unjustly enriched in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against the defendants as follows:

a. For an Order requiring the defendants to cease and desist from further violations of 31 U.S.C. § 3729 et. seq.;

b. For judgment against the defendants in an amount equal to three times the amount of damages the United States has sustained as the result of the defendants' violations, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C.§ 3729;

c. For an award to the Relators in the maximum amount allowed pursuant to §3730(d) of the False Claims Act and for an amount for reasonable expenses incurred by the Relators in the prosecution of this action;

d. For judgment for the plaintiffs and the Relators for all reasonable expenses of this action and reasonable attorney fees, pursuant to 31 U.S.C. § 3730(d)(1); and,

e. On behalf of the United States, civil penalties for each false statement made or caused to be made as provided by law and violation of 42 U.S.C. § 1320a-7b.

## IX. DEMAND FOR JURY TRIAL

The plaintiffs incorporate by reference all of the foregoing allegations.

29. Relators and Plaintiffs Cary B. Savitch M.D. and Gary J. Proffett M.D. demand that this case be tried before a jury.

DATED: May 7, 2013

By: _____

Glenn J. Campbell, Esq.
GlennCampbell@VenturaLawGroup.Com
Attorney for Relators

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
UNITED STATES OF AMERICA, Ex. Rel.
CARY B. SAVITCH, M.D.,
GARY J. PROFFETT, M.D.,
Plaintiffs / Relators

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ARIA OMAR SABIT, M.D.; MOUSTAPHA ABOU-SAMRA, M.D.; COMMUNITY MEMORIAL HEALTH CARE SYSTEM

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GLENN J. CAMPBELL, ESQ. California Bar No.110907
770 County Square Drive ~ Suite 210
Ventura, California 93003
Telephone: 805-477-7572

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☒ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C §§ 3729-3732 OF THE FEDERAL FALSE CLAIMS ACT - Medicare False Claims by physicians and Hospital System

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☒ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-03363

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The County of Ventura | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The County of Ventura | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The County of Ventura | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ **DATE:** May 6, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV13- 3363 DDP (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY